**UNITED STATES of America ex rel. Joseph MAZEWSKI**

**v.**

**D. N. MYERS, Superintendent.**

**Misc. No. 3223.**

United States District Court
E. D. Pennsylvania.

Jan. 4, 1967.

---

Joseph Mazewski, in pro. per.

Richard S. Lowe, Dist. Atty., of Montgomery County, Norristown, Pa., for respondent.

## MEMORANDUM

LUONGO, District Judge.

This petition for writ of habeas corpus (M–3223) was filed March 3, 1966. In it Joseph Mazewski complains of an illegal search and seizure of evidence by forcible entry of his home and an unauthorized search of his automobile. Proceedings on this petition were stayed on March 24, 1966, pending final disposition of Mazewski's earlier petition for writ of habeas corpus in which he complained that his constitutional right to assistance of counsel at the trial of the same burglary charge had been violated. United States of America ex rel. Mazewski v. Myers; petition for writ of habeas corpus denied October 9, 1964; affirmed per curiam by the Court of Appeals under No. 15152, October 27, 1965; petition for rehearing denied May 3, 1966, 3 Cir., 359 F.2d 940; cert. denied October 10, 1966, 385 U.S. 845, 87 S.Ct. 89, 17 L.Ed. 2d 77.

The mandate of the Court of Appeals affirming the judgment of October 9, 1964 in M–2796 was received in this court on October 19, 1966. On November 21, 1966 an Order was entered in this proceeding (M–3223) requiring the filing of an answer to the petition and the filing of the state court records. The state court records have been re-examined in light of petitioner's contention that his conviction resulted from illegally obtained evidence. The transcript of the state court trial proceedings fully sets forth the circumstances of the alleged forcible entry and alleged illegal search of the automobile. From the transcript of the state court trial it appears, by Mazewski's own testimony, that he voluntarily admitted the police to his home and willingly surrendered the keys to his automobile to them. It is apparent from the state court record that the claim of illegal search and seizure is without merit, and the instant petition will be dismissed without hearing.

Mazewski has petitioned for leave to proceed in forma pauperis. The petition will be denied for the same reasons that the leave to proceed in forma pauperis in M–2796 was terminated.